UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CATHERINE P. DUDYS and C.D., a minor,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 08-5187RJB

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON FAILURE TO MITIGATE AFFIRMATIVE DEFENSE

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment on Failure to Mitigate Affirmative Defense (Dkt. 33). The Court has considered the relevant documents and the remainder of the file herein.

## **I. FACTUAL AND PROCEDURAL HISTORY**

On March 28, 2008, Plaintiffs filed a complaint alleging negligence by the Defendant that caused injuries to C.D. and loss of consortium to Catherine Dudys. Dkt. 1. On June 2, 2008, the Defendant answered the complaint and asserted three affirmative defenses. Dkt. 11. Among the affirmative defenses was the allegation that Plaintiff Catherine Dudys or those adults acting on Plaintiff C.D.'s behalf failed to mitigate damages. *Id*. On January 22, 2009, Plaintiffs brought this current motion for summary judgment on the Defendant's affirmative defense that Plaintiffs failed to mitigate damages. Dkt. 33.

ORDER - 1

C.D. was born at the Bremerton Naval Hospital on January 15, 2004. Dkt. 33 at 2. During the birth, personnel at the Bremerton Naval Hospital made multiple attempts at vacuum extraction followed by multiple attempts at forceps birth. *Id*. In making these attempts, defendant's personnel fractured C.D.'s skull. *Id*. As a consequence of the birth trauma, C.D. suffered a stroke and has been left with multiple severe physical and mental impairments, including right hemiparesis and cognitive deficits. *Id*. C.D. is Catherine Dudys first child. *Id*.

## II. DISCUSSION

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 312 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial - e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will

discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990). The burden on the moving party may be discharged by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp.*, 477 U.S. 317, 325 (1986).

Plaintiffs argue in their motion for summary judgment that the Defendant has the burden of proof in showing that the Plaintiffs failed to mitigate damages, and that the Defendant has not provided any evidence to meet their burden. Defendant filed a response to Plaintiffs' motion for summary judgment that does not oppose Plaintiffs' motion. Defendant states that in light of Plaintiffs' responses to the United States' discovery on the issue, the Defendant will no longer assert the affirmative defense of failure to mitigate. Plaintiffs' motion for summary judgment should be granted because there is no longer a genuine issue of material fact as to the Defendant's affirmative defense that Plaintiffs failed to mitigate damages.

### **III. ORDER**

Therefore, it is hereby, ORDERED that:

Plaintiffs' Motion for Summary Judgment on Failure to Mitigate Affirmative Defense (Dkt. 33) is **GRANTED**; and

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of February, 2009.

ROBERT J. BRYAN
United States District Judge

ORDER - 3